UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARIE A. POTESTATO and
FREDERICK M. POTESTATO,

    Plaintiffs,                                          Case No. 2:13-cv-11659
                                                           Mag. Judge Laurie J. Michelson

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendant.
_____/

**OPINION AND ORDER TO GRANT FEDERAL NATIONAL MORTGAGE
ASSOCIATION'S MOTION FOR JUDGMENT ON THE PLEADINGS [7]**

In May 2012, Federal National Mortgage Association ("Fannie Mae") purchased Carie and Frederick Potestato's home at a sheriff's sale. (Dkt. 7, Def.'s Mot. J. on Pleadings, Ex. 7.) After waiting eight months, Fannie Mae initiated state-court summary proceedings to evict the Potestatos from its property. (Def.'s Mot. J. on Pleadings, Ex. 8.) The Potestatos then turned the tables by filing this suit against Fannie Mae. (Dkt. 1, Not. of Removal, Ex. A, Compl.) They assert that "Defendant," i.e., Fannie Mae, falsely said that they qualified for a loan modification, they relied on "Defendant's" misstatement, and, subsequently, their home was foreclosed upon and sold. (*See* Compl. ¶¶ 10-12, 23.)

Fannie Mae has moved for judgment on the pleadings. (Dkt. 7.) Although the Complaint unmistakably identifies Fannie Mae as the wrongdoer, upon considering documentation attached to Fannie Mae's motion, the Court cannot "draw the reasonable inference that [Fannie Mae] is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As will be discussed, these

materials may be considered in resolving a Federal Rule of Civil Procedure 12(c) motion. As such, the Court will GRANT Fannie Mae's Motion for Judgment on the Pleadings (Dkt. 7).

Plaintiffs' Complaint defines "Defendant" as the "Federal National Mortgage Association, (hereinafter the 'Bank')." (Dkt. 1, Not. of Removal, Ex. A, Compl. ¶ 2; *see also* Compl. at 2 n.1.) Using this definition, Plaintiffs assert that "the Bank" or "Defendant"—i.e., Fannie Mae—misled them as follows:

> 7. On or about September 21, 2005, Plaintiffs entered an agreement (hereinafter the "Loan Agreement") with *Defendant* to finance their Home.
>
> 8. The Loan Agreement required Plaintiffs to make regular monthly payments to *the Bank*.
>
> 9. Plaintiffs contacted *the Bank* to advise that they were facing financial hardship and would have trouble making their monthly mortgage payments. They had heard that *the Bank* was working with people who faced similar financial hardships so that they would not lose their homes.
>
> 10. *The Bank* advised Plaintiffs that they qualified for a loan modification.
>
> 11. *The Bank* advised Plaintiffs that, in order to modify the Loan Agreement, they would have to stop making their regular monthly payments.
>
> 12. Plaintiffs were not advised that by stopping their regular monthly payments, they would be putting themselves in default under the Loan Agreement.
>
> 13. Despite the fact that Plaintiffs were uneasy with the idea of not making their regularly scheduled payments, they acquiesced. They were led to believe that as long as they followed *the Bank's* directions, they would be helped.
>
> 14. Plaintiffs were mailed a loan modification package that required them to submit a substantial amount of paperwork.

> 15. Plaintiffs submitted the required paperwork to *Defendant* as requested by *the Bank*. . . .
>
> 16. Despite the fact that Plaintiffs completed all of the steps required to obtain a loan modification, it was ultimately denied.
>
> 17. On or about May 24, 2012, *Defendant* held a Sheriff's sale alleging that Plaintiffs were in default of their monthly obligations under the Loan Agreement.

(Compl. ¶¶ 7-17 (emphases added).)

Documentation attached to Fannie Mae's Rule 12(c) motion, however, including public records, provides a different account of the parties' relationship and reveals that many of these allegations are demonstrably false. A copy of the note and mortgage show, directly contrary to paragraph seven of the Complaint, that Fannie Mae was not Plaintiffs' original lender. Instead, the note and mortgage unambiguously defines "Lender" to be non-party "Universal Mortgage Corporation." (Def.'s Mot. J. on Pleadings, Ex. 1, Note at 1 & Ex. 2, Mortgage at 2.) The mortgage further provides that the "Lender," i.e., Universal Mortgage Corporation, was "the mortgagee." (Mortgage at 2.)

More problematic for Plaintiffs, however, are a pair of March 20, 2012 letters attached to Fannie Mae's motion. (Def.'s Mot. J. on Pleadings, Exs. 5, 6.) One provides:

> Please be advised that *your mortgage loan at U.S. BANK NATIONAL ASSOCIATION*, account #4800230726, is in default. It is in default because you have not made your monthly mortgage payment(s). As of the date of this letter, the outstanding amount *due U.S. BANK NATIONAL ASSOCIATION* is $225,981.95.

(Mediation Letter ¶ 1 (emphases added).) And the other states:

> Schneiderman & Sherman, P.C., [Attorney for Mortgagee] is attempting to collect a debt, any information we obtain will be used for that purpose. . . .

3

> 1. As of this date, the entire debt owing on your mortgage loan, including principal balance, unpaid interest and any advances is: ($225,981.82)
>
> 2. *The creditor/servicer to whom this amount is owed is: U.S. Bank National Association*, 4801 Frederica Street, Owensboro, KY 42301.
>
> 3. You have the right to dispute the validity of the debt or any portion thereof, within thirty days after receipt of this notice. If you do not dispute the debt, in writing, within thirty days this debt will be assumed to be valid. . . .
>
> If you have a complaint about your loan regarding, or related to, our loss mitigation foreclosure alternatives process or our foreclosure process, please direct your complaint, along with the name of each borrower and the loan number, to *U.S. Bank Home Mortgage*, 17500 Rockside Road, Bedford, OH 44146, Attention: Escalation Center.

(Debt Collection Letter ¶¶ 1, 2 (emphases added, capitalization altered).) Yet, Counts IV and V of Plaintiffs' Complaint say that "Defendant," i.e., Fannie Mae, "intentionally mailed to Plaintiffs a statement specifying that unless the Plaintiffs, within 30 days after receipt of the notice being mailed, dispute the validity of the debt, or a portion of the debt, the debt will be assumed to be valid." (Compl. ¶¶ 42, 49.) But the letters (referenced in the Complaint) speak for themselves: they show that it was U.S. Bank (or Schneiderman & Sherman, P.C.) that sent them.

Further, Plaintiffs use the term "Defendant" in every one of their six counts. (Compl. ¶¶ 23, 27, 35, 42, 49, 55.) Thus—in order to read Counts IV and V of the Complaint consistently with the remainder of that pleading—it must be that U.S. Bank committed all six alleged wrongs. In other words, the March 2012 letters strongly suggest that it was non-party U.S. Bank—not Defendant Fannie Mae—that Plaintiffs contacted about obtaining a loan modification and, therefore, it was U.S. Bank that allegedly falsely stated that Plaintiffs were qualified for a loan modification.

4

To be sure, as with a Federal Rule of Civil Procedure 12(b)(6) motion, this Court must accept as true the non-conclusory factual allegations in Plaintiffs' Complaint when deciding a motion for judgment on the pleadings. *See Mellentine v. Ameriquest Mortgage Co.*, 515 F. App'x 419, 423 (6th Cir. 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). And, as set forth in the Complaint, Plaintiffs have undoubtedly asserted that Fannie Mae ("Defendant" or "the Bank") misrepresented their eligibility for a loan modification. (*See* Compl. ¶¶ 11-17.) But what is equally true is that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Moreover, "[a] court is not bound to accept unwarranted 'facts' or 'inferences' which 'contradict documentary evidence appended to, or referenced within, the plaintiff's complaint.'" *Rudley v. Bank of Am. Home Loans Servicing LP*, No. 1:11-1374, 2013 WL 2407614, at *1 (W.D. Mich. May 31, 2013) (quoting *Mulbarger v. Royal Alliance Assocs., Inc.*, 10 F. App'x 333, 335 (6th Cir. 2001)). "Indeed, if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (internal quotation marks omitted). Here, the Mediation Letter and the Debt Collection Letter are central to at least Counts IV and V, a pair of fair debt collection claims. (*See* Compl. ¶¶ 42, 49.) Accordingly, the Court has appropriately considered these two documents in resolving Fannie Mae's Rule 12(c) motion.

Additionally, Plaintiffs concede that they have identified the wrong party as making the alleged misrepresentation. In their response to Fannie Mae's motion, Plaintiffs say that they "do not dispute the majority of the facts supplied by Defendant." (Pls.' Resp. to Def's. Mot. for J. on Pleadings at 2.) Plaintiffs then attempt—inappropriately in a response brief—to amend their allegations to redefine "the Bank" to be U.S. Bank:

> On September 21, 2005, Plaintiffs executed several documents (hereinafter referred to as the "Loan Agreement") with Universal Mortgage Corporation in relation to a mortgage loan obtained by Plaintiffs . . . . The Mortgage was subsequently assigned to *U.S. Bank National Association (the "Bank")* on September 13, 2010. See Defendant's Exhibit 3. . . .
>
> Prior to the initiation of foreclosure proceedings, Plaintiffs contacted *the Bank* to advise that they were struggling to make their modified payments. . . .
>
> *The Bank* advised Plaintiffs that, in order to qualify for a second loan modification, they would first have to stop making their monthly payments under the first. . . . No one advised Plaintiffs that by stopping their regular payments, they would be putting themselves in default. Despite Plaintiffs' apprehension, they followed *the Bank's* instructions and stopped making their monthly payments.
>
> At first, everything went as *the Bank* explained it would. . . . Plaintiffs did as they were told and submitted their loan modification package. They heard nothing from *the Bank*. Plaintiffs repeatedly contacted *the Bank* in an attempt to find out what was going on with the loan modification. Plaintiffs were continuously told that a document had not been received, or that because it was taking *the Bank* so long to process the modification package, Plaintiffs would need to submit updated information. Despite this frustrating process, Plaintiffs continued sending *the Bank* everything that was requested.

(Pls.' Resp. to Def's. Mot. for J. on Pleadings at 2-3 (emphases added).) Plaintiffs conclude this new recitation of the facts by stating: "Plaintiffs waited and waited, but still heard nothing from *the Bank* regarding their loan modification. Plaintiffs' loan modification was apparently denied as foreclosure

6

proceedings were initiated. On May 24, 2012, *Defendant* purchased Plaintiff's Home at Sheriff's sale." (Pls.' Resp. to Def's. Mot. J. Pleadings at 2-3 (emphases added).) Conspicuously, the first emphasized term refers to non-party U.S. Bank, the second, Defendant Fannie Mae. Plaintiffs do not plead that Fannie Mae is a successor to or assign of U.S. Bank.

In short, when the Court considers all that it is permitted at this stage of the proceedings, most everything suggests that Plaintiffs have sued the wrong entity for claims arising out of misrepresentations during the loan modification process. Accordingly, the Court cannot "draw the reasonable inference that [Fannie Mae] is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Federal National Mortgage Association's Motion for Judgment on the Pleadings (Dkt. 7) is therefore GRANTED and this case is DISMISSED.

**IT IS SO ORDERED.**

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 15, 2013.

                                                s/Jane Johnson
                                                Deputy Clerk